UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KAREEM J. HOWELL, | No. 2:16-cv-0441 KJN P |
| Plaintiff, | |
| v. | ORDER AND FINDINGS & RECOMMENDATIONS |
| J. MACOMBER, et al., | |
| Defendants. | |

Plaintiff is a state prisoner, proceeding without counsel. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983, and is proceeding in forma pauperis. This action proceeds on plaintiff's claims that on October 8, 2014, defendants Brady, Igbokwe, and Tran failed to protect plaintiff in violation of the Eighth Amendment. Plaintiff's motion for temporary restraining order is presently before the court. For the reasons set forth below, plaintiff's motion should be denied.

Legal Standards

A temporary restraining order is an extraordinary and temporary "fix" that the court may issue without notice to the adverse party if, in an affidavit or verified complaint, the movant "clearly show[s] that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition." See Fed. R. Civ. P. 65(b)(1)(A). The purpose of a temporary restraining order is to preserve the status quo pending a fuller hearing. See generally, Fed. R. Civ. P. 65; see also L. R. 231(a). It is the practice of this district to

construe a motion for temporary restraining order as a motion for preliminary injunction. Local Rule 231(a); see also, e.g., Aiello v. OneWest Bank, 2010 WL 406092, *1 (E.D. Cal. 2010) (providing that "'[t]emporary restraining orders are governed by the same standard applicable to preliminary injunctions'") (citations omitted).

The party requesting preliminary injunctive relief must show that "he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Winter v. Natural Resources Defense Council, 555 U.S. 7, 20 (2008); Stormans, Inc. v. Selecky, 586 F.3d 1109, 1127 (9th Cir. 2009) (quoting Winter). The Ninth Circuit has held that, even if the moving party cannot show a likelihood of success on the merits, injunctive relief may issue if "serious questions going to the merits and a balance of hardships that tips sharply towards the plaintiff can support issuance of a preliminary injunction, so long as the plaintiff also shows that there is a likelihood of irreparable injury and that the injunction is in the public interest." Alliance for the Wild Rockies v. Cottrell, 632 F.3d 1127, 1135 (9th Cir. 2011) (internal quotation omitted). Under either formulation of the principles, preliminary injunctive relief should be denied if the probability of success on the merits is low. See Johnson v. California State Bd. of Accountancy, 72 F.3d 1427, 1430 (9th Cir. 1995) ("'[E]ven if the balance of hardships tips decidedly in favor of the moving party, it must be shown as an irreducible minimum that there is a fair chance of success on the merits.'" (quoting Martin v. Int'l Olympic Comm., 740 F.2d 670, 675 (9th Cir. 1984)).

In addition, as a general rule this court is unable to issue an order against individuals who are not parties to a suit pending before it. Zenith Radio Corp. v. Hazeltine Research, Inc., 395 U.S. 100 (1969). A federal district court may issue emergency injunctive relief only if it has personal jurisdiction over the parties and subject matter jurisdiction over the lawsuit. See Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc., 526 U.S. 344, 350 (1999) (noting that one "becomes a party officially, and is required to take action in that capacity, only upon service of summons or other authority-asserting measure stating the time within which the party served must appear to defend."). The court may not attempt to determine the rights of persons not before it. See, e.g.,

Hitchman Coal & Coke Co. v. Mitchell, 245 U.S. 229, 234-35 (1916); Zepeda v. INS, 753 F.2d 719, 727-28 (9th Cir. 1983); see also Califano v. Yamasaki, 442 U.S. 682, 702 (1979) (injunctive relief must be "narrowly tailored to give only the relief to which plaintiffs are entitled"). Under Federal Rule of Civil Procedure 65(d)(2), an injunction binds only "the parties to the action," their "officers, agents, servants, employees, and attorneys," and "other persons who are in active concert or participation." Fed. R. Civ. P. 65(d)(2)(A)-(C).

Plaintiff's Claims

In his motion, plaintiff alleges that on May 7, 2017, Correctional Officer Saecho sprayed plaintiff in the face with a cleaning supply spray, burning plaintiff's face. Plaintiff declares that "[t]his was clearly the actions of retaliation for exercising [his] rights to utilize the courts against his (friends/co-workers) defendants M. Brady, C. Igbokwe, and D. Tran." (ECF No. 41 at 3-4.) Plaintiff states that Correctional Officer Harbour acted in concert with Saecho and "encouraged and supported" Saecho. Also, on more than one occasion, Harbour verbally harassed plaintiff, saying "plaintiff should be 'shot' . . . for being a 'civil rat.'" (ECF No. 41 at 4.) On May 5, 2017, Correctional Officer McCarvel entered the therapeutic educational group room and asked plaintiff if he was the same "Howell" that was suing officer Brady. After plaintiff denied being Howell, McCarvel stated "It's you, and if I was you I wouldn't come out of that holding cage, or you will get what you got coming." (ECF No. 41 at 4.) On April 24, 2017, McCarvel allegedly falsified a behavioral incident report on plaintiff. On April 26, 2017, Correctional Officers Nash and Johnson allegedly conducted an "illegal cell search" and "illegally confiscated several legal items." (ECF No. 41 at 4.) When plaintiff returned to his cell, he alleges he was physically attacked and injured by Nash and Johnson. Correctional Lieutenants Cross, Noguchi, and Sabala are supervisors who allegedly encouraged these retaliatory acts.

Plaintiff argues that these collusive illegal practices are used by CDCR employees to frustrate efforts to be heard. "The defendants, and their named co-conspirators['] concerted acts committed against the plaintiff are illegal acts." (ECF No. 41 at 5.) Plaintiff claims that he is suffering irreparable harm in the form of continued physical attacks, harassment, retaliation, and punitive cell searches. Plaintiff seeks a court order requiring defendants and the named co-

3

conspirators to stay 100 feet away from plaintiff. (ECF No. 41 at 6.)

Discussion

While the court is sympathetic to plaintiff's alleged situation, the undersigned recommends that the motion be denied. The individuals Cross, Noguchi, Sabala, Gonzales,[1] McCarvel, Harbour, Nash, Saecho, and Johnson are not defendants in this case. Although plaintiff refers to defendants Brady, Igbokwe, and Tran (ECF No. 41 at 1, 4), he includes no facts connecting them with the incidents in April and May of 2017. In the paragraph describing Saecho's alleged acts, plaintiff includes the parenthetical "(friends/co-workers)," but such relationships, standing alone, are insufficient to demonstrate retaliatory intent. Indeed, plaintiff includes no facts suggesting that Saecho's acts were retaliatory, but rather concludes retaliation was the cause. Importantly, plaintiff alleges no facts supporting an agreement among the named individuals to violate plaintiff's First Amendment rights. His allegations are too vague and conclusory to suggest a conspiracy among the individuals named, or among such individuals and defendants.

In addition, plaintiff cannot bring new allegations into his suit by means of a motion for a preliminary injunction. Otherwise, plaintiff could circumvent the requirement that he exhaust administrative remedies by bringing new allegations into his suit through such a motion. Plaintiff must also demonstrate that his claims are likely to succeed, but plaintiff's claims cannot succeed if the allegations in his motion for a preliminary injunction were not raised in the operative pleading. See Hunter v. Hazelwood, 2006 WL 925142, at *4 (W.D. Wash. Apr.10, 2006) (denying motion for preliminary injunction because it contained new allegations not included in the original complaint that did not involve the defendants and appeared not to have been exhausted administratively).

In this motion for injunctive relief, plaintiff seeks relief based on various claims not included, and individuals not named as defendants, in the operative pleading. In the instant action, plaintiff claims that defendants Brady, Igbokwe, and Tran failed to protect plaintiff on

---

[1] Gonzales is included in the list on plaintiff's proposed order, but no charging allegations as to Gonzales are included in the motion.

4

October 8, 2014. In the instant motion, plaintiff challenges actions taken by nonparty individuals in April and May of 2017. None of these new allegations are at issue in plaintiff's complaint, and therefore will not receive a trial on the merits in this action.

Finally, the requested injunction improperly infringes in prison officials' ability to discipline plaintiff, as necessary, and to maintain the security and safety of the prison. See Bell v. Wolfish, 441 U.S. 520, 546 (1979) ("Prison administrators . . . should be accorded wide-ranging deference in the adoption and execution of policies and practices that in their judgment are needed to preserve internal order and discipline and to maintain institutional security." (citations omitted)). "[A]bsent the existence of exceptional circumstances not present here, the Court will not intervene in the day-to-day management of prisons." Lopez v. Shiesha, 2012 WL 6719555, at *4 (E.D. Cal. Dec. 21, 2012) (citing Overton v. Bazzetta, 539 U.S. 126, 132 (2003) (prison officials entitled to substantial deference); Sandin v. Conner, 515 U.S. 472, 482-83 (1995) (disapproving involvement of federal courts in the day-to-day management of prisons).).

For all of these reasons, plaintiff's motion should be denied without prejudice.

Conclusion

Accordingly, IT IS HEREBY ORDERED that that the Clerk of the Court is directed to assign a district judge to this case; and

IT IS RECOMMENDED that plaintiff's motion for temporary restraining order (ECF No. 41) be denied without prejudice.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be filed and served within fourteen days after service of the objections. The

////

////

5

parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

Dated: May 18, 2017

/s/ Kendall J. Newman
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

/howe0441.tro