UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KAREEM J. HOWELL, | No. 2:16-cv-0441 KJM KJN P |
| Plaintiff, | |
| v. | ORDER |
| MACOMBER, et al., | |
| Defendants. | |

Plaintiff is a state prisoner, proceeding without counsel. On April 12, 2017, plaintiff filed a request for a third extension of the discovery deadline. On May 10, 2017, plaintiff's motion was denied, but defendants were directed to inform the court whether a video of the 2014 attack exists. On May 12, 2017, defendants filed a declaration stating that the litigation coordinator at California State Prison, Sacramento, confirmed that no video footage of the incident exists. (ECF No. 39-1.) On May 15, 2017, plaintiff filed another request for extension of time to serve discovery. (ECF No. 40.) On May 24, 2017, plaintiff filed a motion asking the undersigned to reconsider the May 10, 2017 order, and filed a reply to defendants' response to the court's order. (ECF Nos. 44-45.) On July 20, 2017, plaintiff filed a request to continue the pretrial motions deadline. (ECF No. 46.) On July 24, 2017, plaintiff filed a document styled, "Pretrial Memorandum." (ECF No. 47.) Defendants have filed no further responses. As explained more fully below, the undersigned declines to further extend the discovery period.

Background

This action proceeds on plaintiff's complaint which alleges the following: In August of 2014, defendant Cannedy approved two chronos for plaintiff: (1) no escorts with inmate Barrett, CDC #AF-7863,1 based on Barrett's August 11, 2014 assault on plaintiff; and (2) no group escorts, based on the "high attempted assault rate on" plaintiff. (ECF No. 1 at 10-11.) Plaintiff alleges that on October 8, 2014, despite these chronos, as well as plaintiff verbally informing the officers at the time of the escort about these chronos, defendants Brady, Iobokwe, and Tran ignored plaintiff, and defendants Brady and Iobokwe escorted Barrett, while defendant Tran escorted plaintiff with a group of other inmates, out of the treatment center and back to the living unit together. (ECF No. 1 at 4.) At the living unit, Barrett "managed to slip out of his handcuffs and brutally attack" plaintiff, punching him in the face three times, fracturing his left jaw and cutting the inside of his lip. (Id.)

The initial discovery and scheduling order issued on August 19, 2016. The scheduling order provided guidance concerning discovery, and set forth multiple Federal Rules governing discovery. (ECF No. 19 at 4-5.) The deadlines in the scheduling order have been extended twice, first at the request of plaintiff (ECF No. 25), and then at the request of defendants (ECF No. 35). In the latter order, plaintiff was provided the standards for modifying the scheduling order, and the parties were cautioned that the undersigned was not inclined to further extend the scheduling order deadlines absent substantial good cause. (Id. at 2.)

Legal Standards

"The district court is given broad discretion in supervising the pretrial phase of litigation." Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 607 (9th Cir. 1992) (citation and internal quotation marks omitted). Rule 16(b) provides that "[a] schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). "The schedule may be modified 'if it cannot reasonably be met despite the diligence of the party seeking the extension.'" Zivkovic v. Southern California Edison Co., 302 F.3d 1080, 1087 (9th Cir. 2002) (quoting Johnson, 975 F.2d at 607).

////

2

Discussion

    Discovery Deadline

    Plaintiff renews his request to obtain the form 7219 describing inmate Barrett's medical injuries allegedly contained in the incident report from Barrett's assault on plaintiff, and again renews his request for the video of the October 8, 2014 incident.

    As defendants noted in their opposition, plaintiff's requests for production of documents did not include a request for the 7219 form or the alleged video, which defendants have now confirmed does not exist. (ECF No. 39.) Just because a camera is in place does not mean that it is recording, or that prison officials retained a video recording from 2014. Defendants cannot be required to produce something that does not exist. As for the 7219 form, it is unclear from defendants' opposition whether defendants have a copy of Barrett's 7219 form, but plaintiff did not seek the form in his initial discovery request. In any event, plaintiff may call inmate Barrett, CDCR #AF7863, as a witness at trial to attest to any such injuries, and plaintiff may testify that he saw inmate Barrett sustain injuries during the incident.

    As noted in the May 10, 2017 order, the underlying incidents at issue here took place in 2014, and plaintiff has been aware since August of 2016 that he needed to propound discovery within the court's deadlines. (ECF No. 19) The scheduling order has twice been extended based on requests from both sides. Because plaintiff has again failed to demonstrate good cause or diligence, the court denies plaintiff's renewed request for extension of the discovery deadline, and declines to reconsider the May 10 denial of plaintiff's request to extend the discovery deadline.

    Pretrial Motions Deadline

    On July 20, 2017, plaintiff filed a motion for extension of time to file his "pretrial (motion/ memorandum)" because he sent it to the law library for photocopying and it "disappeared." Nevertheless, on July 24, 2017, plaintiff's 62 page filing styled "Pretrial Memorandum," was filed.

    But plaintiff's pretrial memorandum does not appear to be a dispositive pretrial motion. Rather, it appears to be a partial pretrial statement, and also includes exhibits. To the extent plaintiff intended his filing to be a pretrial statement, such filing is premature. But the filing does

not constitute a dispositive pretrial motion as contemplated in the August 19, 2016 scheduling order. Thus, it is now unclear whether plaintiff intended to file a pretrial motion, since he specifically requested an extension of time in which to file a pretrial motion. (ECF No. 46.) In any event, due to the pendency of his request to extend the discovery period, the court will extend the pretrial motions deadline. If no party files a pretrial motion, the court will issue a further scheduling order requiring the parties to file pretrial statements. Until such time as the further scheduling order issues, plaintiff shall refrain from filing a pretrial statement.

Therefore, IT IS HEREBY ORDERED that:

1. Plaintiff's renewed motion to extend discovery (ECF No. 40) is denied;

2. Plaintiff's motion for reconsideration of the May 10, 2017 order (ECF No. 44) is denied;

3. Plaintiff's motion to extend the pretrial motions deadline (ECF No. 46) is granted; and

4. The pretrial motions deadline is continued to October 20, 2017. Motions shall be briefed in accordance with Local Rule 230(l).

Dated: August 8, 2017

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

/howe0441.850