UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| KAREEM J. HOWELL, | No. 2:16-cv-0441 KJM KJN P |
|---|---|
| Plaintiff, | |
| v. | FINDINGS AND RECOMMENDATIONS |
| J. MACOMBER, et al., | |
| Defendants. | |

I. Introduction

Plaintiff is a state prisoner, proceeding without counsel. Plaintiff claims defendants M. Brady, C. Igbokwe, and D. Tran violated his Eighth Amendment rights by failing to protect him from an inmate attack during an October 8, 2014 transport.[1] Plaintiff's motion for summary judgment[2] is before the court. Defendants filed an opposition, and plaintiff filed a reply.

---

[1] On April 13, 2016, plaintiff consented to the dismissal of defendants Macomber, Facility Captain Cannedy, Facility Lt. Snyder, and Sgt. Gonzales. (ECF No. 9.) Accordingly, on May 12, 2016, such defendants were dismissed. (ECF No. 13.)

[2] In his motion, plaintiff seeks partial summary judgment on the issue of liability, and argues that his claim for damages must be determined at trial. (ECF No. 50 at 10.) In his declaration, plaintiff submits his declaration in support of his motion for partial summary judgment on his claim that the three defendants failed to protect plaintiff in violation of the Eighth Amendment. But then he states he has not moved for summary judgment on his failure to protect claim because there are material factual disputes concerning the attack. (ECF No. 50 at 11:24-26.) Despite this contradiction, the court construes plaintiff's filing as a motion for summary judgment on

1

As set forth below, the undersigned finds that plaintiff's motion for summary judgment should be denied.

II. Plaintiff's Verified Complaint

In August of 2014, while housed at the California State Prison, Sacramento ("CSP-SAC"), defendant Cannedy approved two chronos for plaintiff: (1) plaintiff should have no escorts with inmate Barrett, CDC #AF-7863,[3] based on Barrett's August 11, 2014 assault on plaintiff; and (2) no group escorts, based on the "high attempted assault rate on" plaintiff. (ECF No. 1 at 10-11.) Plaintiff alleges that on October 8, 2014, despite these chronos, as well as plaintiff verbally informing the officers at the time of the escort about these chronos, defendants Brady, Igbokwe, and Tran ignored plaintiff, and defendants Brady and Igbokwe escorted Barrett, while defendant Tran escorted plaintiff with a group of other inmates, out of the treatment center and back to the living unit together. (ECF No. 1 at 4.) At the living unit, Barrett "managed to slip out of his handcuffs and brutally attack" plaintiff, punching him in the face three times, fracturing his left jaw and cutting the inside of his lip. (Id.) Plaintiff seeks monetary damages and injunctive relief.

III. Plaintiff's Motion for Summary Judgment

Plaintiff seeks an order granting summary judgment on his claims that defendants failed to protect plaintiff in violation of the Eighth Amendment. Plaintiff argues that defendants failed to comply with the chronos issued to protect plaintiff from harm, but also failed to heed plaintiff's verbal warning at the time of the escort, and thus were deliberately indifferent to a substantial risk to plaintiff's safety during the escort. Defendants argue that material disputes of fact preclude entry of summary judgment on plaintiff's behalf.

////

////

---

plaintiff's claims that defendants failed to protect plaintiff in violation of the Eighth Amendment.

[3] Plaintiff refers to an inmate Barrett and an inmate Barnett. Plaintiff's witnesses refer to an inmate Barrett. (ECF No. 50 at 22, 24.) However, the CDCR inmate locator website confirms that inmate number AF-7863 is assigned to inmate Brian Joseph Barrett. http://inmatelocator.cdcr.ca.gov/default.aspx (accessed April 2, 2018). Therefore, the undersigned uses the name Barrett.

2

A. <u>Legal Standards for Summary Judgment</u>

A court will grant summary judgment "if . . . there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The "threshold inquiry" is whether "there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 250 (1986).

The moving party bears the initial burden of showing the district court "that there is an absence of evidence to support the nonmoving party's case." <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 325 (1986). The burden then shifts to the nonmoving party, which "must establish that there is a genuine issue of material fact. . . ." <u>Matsushita Elec. Indus. Co. v. Zenith Radio Corp.</u>, 475 U.S. 574, 585 (1986). In carrying their burdens, both parties must "cit[e] to particular parts of materials in the record . . .; or show [ ] that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1); <u>see also</u> <u>Matsushita</u>, 475 U.S. at 586 ("[the nonmoving party] must do more than simply show that there is some metaphysical doubt as to the material facts"). Moreover, "the requirement is that there be no genuine issue of material fact. . . . Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." <u>Anderson</u>, 477 U.S. at 247-48.

"[A]t this stage of the litigation, the judge does not weigh conflicting evidence" or "make credibility determinations with respect to statements made in affidavits. . . ." <u>T.W. Elec. Serv., Inc. v. Pacific Elec. Contractors Ass'n</u>, 809 F.2d 626, 630 (9th Cir. 1987)

In deciding a motion for summary judgment, the court draws all inferences and views all evidence in the light most favorable to the nonmoving party. <u>Matsushita</u>, 475 U.S. at 587-88; <u>Whitman v. Mineta</u>, 541 F.3d 929, 931 (9th Cir. 2008). "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'" <u>Matsushita</u>, 475 U.S. at 587 (quoting <u>First Nat'l Bank of Ariz. v. Cities Serv. Co.</u>, 391 U.S. 253, 289 (1968)).

////

B. Facts[4]

1. Plaintiff is a California prison inmate who was confined at CSP-SAC at all relevant times.

2. Defendants Brady, Igbokwe, and Tran were correctional officers employed at CSP-SAC.

3. On August 11, 2014, CSP-SAC Facility Captain Cannedy approved and issued a 128-B chrono stating plaintiff shall have no escorts with inmate Barrett, CDCR #AF-7863, based on Barrett's August 11, 2014 assault on plaintiff. (ECF No. 50 at 16.)

4. On August 11, 2014, CSP-SAC Facility Captain approved and issued a 128-B chrono stating that plaintiff shall not be included in a group escort, based on the "high attempted assault rate" on plaintiff's life (there were three attempted assaults on plaintiff in less than ten days). (ECF No. 50 at 17.)

5. On October 8, 2014, defendant Igbokwe was charged with transporting inmates, including plaintiff and Barrett, to the housing facility.

6. On October 8, 2014, defendants Brady and Tran aided in Igbokwe's transport.

7. None of the defendants checked the Movement Restriction List prior to the October 8, 2014 transport at issue. (ECF No. 52-2 at 5, 9, 13.)

8. Defendant Brady was driving the electric cart on October 8, 2014. (ECF No. 52-2 at 13.)

9. During the October 8, 2014 transport, inmate Barrett slipped out of his handcuffs against prison rules and regulations.

10. What took place thereafter is disputed. Plaintiff declares that he was attacked by Barrett, who allegedly punched plaintiff in the face three times.[5] On the other hand, each

---

[4] For purposes of the pending motion, the following facts are found undisputed, unless otherwise indicated.

[5] Plaintiff provided the declaration of inmate Preston Brown, CDCR #F-37773, who declares he witnessed inmate Barrett come out of his handcuffs, jump off the cart, and punch plaintiff in the face and head two to three times while plaintiff was in handcuffs and leg restraints. (ECF No. 50 at 24.) Brown declared that after the incident he saw plaintiff being seen by the unit nurse, and witnessed defendant Brady laughing at plaintiff, and Brady told plaintiff he got what he deserved.

4

defendant declares that there was no physical contact between Barrett and plaintiff. Each defendant declares that: (a) he did not observe any injury to plaintiff, including any swelling, bruising or bleeding; (b) he did not hear plaintiff offer any complaints of pain or make any noises to indicate plaintiff was in pain; and (c) plaintiff did not hold or protect any part of his body commonly done when someone is injured. (ECF No. 52-2 at 5, 9, 13.) Defendants Tran and Brady declare that after plaintiff exited the holding cell, each noticed a small amount of blood on plaintiff's lips. (ECF No. 52-2 at 9, 13.)

11. Defendants declare that plaintiff was not injured during the incident.[6] Plaintiff declares his left jaw was fractured and the inside of his lip was cut. (ECF No. 50 at 12.)

12. Following the incident, at 1540, plaintiff was examined by RN Grinde.

13. RN Grinde completed a medical report of injury, and noted the following injuries to plaintiff's mouth area: dried blood and swollen area. (ECF No. 50 at 19.)[7] Although defendants concede the medical report was completed, they contend that the medical report is incomplete because plaintiff refused to make a statement to the medical staff.

14. A CDCR Rules Violation Report was generated charging inmate Barrett with violation of CCR 3005(d)(1) for Assault on an Inmate. (ECF No. 52-1 at 3.)

15. Defendant Igbokwe completed a CDCR 837-C report describing the crime/incident as "assault on inmate resulting in UOF (use of force) (physical) on October 8, 2014, at 15:25," identifying inmate Barrett as the suspect, and plaintiff as the victim. (ECF No. 50 at 36.)

---

(Id.) Plaintiff also provided the declaration of inmate Nehemiah Fisher who declares that on October 7, 2014, defendant Brady paid Barrett with a TV to beat up plaintiff for being a rat. (ECF No. 50 at 22.)

[6] Defendants argue that the evidence shows plaintiff's bloody lip or nose occurred while he was alone in a holding cell, after the incident and before he was seen by RN Grinde. (ECF No. 52 at 4.)

[7] Plaintiff provided a copy of his health care services request form, dated October 8, 2014, in which he stated he was punched in the face by an inmate who slipped out of handcuffs. (ECF No. 50 at 20.) Plaintiff asked to see the nurse or doctor because he thought his left jaw was fractured, and he needed something for pain. Plaintiff alleged he did not receive proper medical treatment after the October 8, 2014 incident. (Id.) However, it is unclear whether plaintiff was seen in response to this request form, and he provides no further medical records to support his claim that his left jaw was fractured.

5

16. In the text of the CDCR 837-C report, Igbokwe states he "did not observe Barrett make physical contact with [plaintiff]." (ECF No. 50 at 36.) Ibgokwe observed that Barrett slipped his handcuffs, leaving his left hand unrestrained. (Id.)

C. Alleged Deliberate Indifference to Plaintiff's Safety

1. Eighth Amendment Standards

The Eighth Amendment's prohibition of cruel and unusual punishment imposes on prison officials, among other things, a duty to "take reasonable measures to guarantee the safety of the inmates." Farmer v. Brennan, 511 U.S. 825, 832 (1994) (quoting Hudson v. Palmer, 468 U.S. 517, 526-27 (1984)). An inmate's Eighth Amendment rights can only be violated by a prison official if that official exposes an inmate to a "substantial risk of serious harm," while displaying "deliberate indifference" to that risk. Id. at 834. An official is deliberately indifferent if he or she "knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Id. at 837.

In the context of failure to protect an inmate from a known threat to safety, deliberate indifference does not require an express intent to punish. Berg v. Kincheloe, 794 F.2d 457, 459 (9th Cir. 1986). The standard also does not require that the official believe

> to a moral certainty that one inmate intends to attack another at a given place at a time certain before that officer is obligated to take steps to prevent such an assault. But, on the other hand, he must have more than a mere suspicion that an attack will occur.

Id. A prison official cannot be liable under the Constitution for mere negligence. Davidson v. Cannon, 474 U.S. 344, 347 (1986). In order to avoid a finding of deliberate indifference, prison officials might show, for example:

> that they did not know of the underlying facts indicating a sufficiently substantial danger and that they were therefore unaware of a danger, or that they knew the underlying facts but believed (albeit unsoundly) that the risk to which the facts gave rise was insubstantial or nonexistent.

Farmer, 511 U.S. at 844.
////

6

2. <u>Discussion</u>

Here, genuine disputes of material fact preclude summary judgment. First, the subjective state of mind of each defendant is at issue. Each defendant declares he was unaware on October 8, 2014, that inmate Barrett and plaintiff were restricted from being transported together, and was not aware there was any risk in transporting plaintiff and inmate Barrett together. (ECF No. 52-2 at 5, 9, 13.) Plaintiff disputes that defendants were unaware of the risk to plaintiff, because each defendant had worked in plaintiff's housing unit for over six months and were well aware that Barrett had previously attacked plaintiff. (ECF No. 55 at 4.) Moreover, plaintiff declares he verbally informed defendants about the chronos at the time of the escort, but defendants ignored plaintiff and proceeded with the escort. (ECF No. 50 at 12:15-19.) Such disputes of fact as to defendants' subjective state of mind are material and must be decided by a jury.

Second, plaintiff challenges the veracity of defendants' declarations in several ways. (ECF No. 55 at 5-8.) However, as set forth above, this court cannot assess credibility on a motion for summary judgment. To the extent plaintiff disagrees with statements made in defendants' declarations, such factual disputes are for the jury to decide. Although plaintiff appears to contend that none of the defendants were in a position to see what happened when inmate Barrett slipped free from his handcuffs, each defendant is allowed to testify as to what he did see and hear during the incident at issue.

Third, plaintiff argues that he has adduced undisputed evidence that he was injured from the alleged attack, including inmate Brown's declaration and the medical report. But, again, defendants are entitled to testify as to what physical injuries, if any, they observed following the incident. Similarly, plaintiff may testify as to his injuries, and when he sustained the injuries. The medical report following the incident does record dried blood and swollen area on plaintiff's face. But the nurse was not present during the incident, and thus, the medical report does not address when plaintiff sustained the alleged injuries.[8]

---

[8] While the health services request form notes that on October 8, 2014, following the incident, plaintiff believed he had suffered a fractured left jaw, such request form does not confirm, via competent medical evidence, that plaintiff suffered a broken jaw. If such medical evidence exists, plaintiff should seek to admit such evidence at trial.

Finally, plaintiff argues that his evidence overrides defendants' version of the events of October 8, 2014, citing Chan-Sosa v. Jorgensen, 2016 WL 845292, *2 (N.D. Cal. March 4, 2016) ("There so utterly discredited by the record that no reasonable jury could believe that party."). (ECF No. 55 at 12.)[9] However, contrary to plaintiff's argument, defendants' declarations are not wholly discredited by plaintiff's evidence. Rather, plaintiff's evidence conflicts with defendants' declarations, which at this stage of the proceedings must be viewed in the light most favorable to defendants, the nonmoving parties. On summary judgment, the undersigned cannot weigh conflicting evidence. Thus, plaintiff is not entitled to summary judgment.

IV. Conclusion

Because genuine disputed issues of material fact remain, plaintiff's motion for summary judgment should be denied.

In accordance with the above, IT IS HEREBY RECOMMENDED that:

1. Plaintiff's motion for summary judgment (ECF No. 50) be denied; and

2. This matter be referred back to the undersigned for further scheduling.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be filed and served within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: April 4, 2018

/howe0441.msj.ftp

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

---

[9] In addition, the undersigned notes that the entire quote on which plaintiff relies states: "A video may override the allegations of the events from either party if their version of the events is so utterly discredited by the record that no reasonable jury could believe that party." Id. There is no video in this case.

8